110 B.R. 94 (1990)
In the Matter of Ricky Lynn VAUGHN, Debtor.
Camille HOPE, Plaintiff,
v.
BROWN & WILLIAMSON FEDERAL CREDIT UNION, Defendant.
Bankruptcy No. 84-50772, Adv. No. 89-5058.
United States Bankruptcy Court, M.D. Georgia, Macon Division.
January 22, 1990.
Camille Hope, Chapter 13 Trustee, Macon, Ga., pro se.
Arthur L. Phillips, Macon, Ga., for defendant.
ROBERT F. HERSHNER, Jr., Chief Judge.

STATEMENT OF THE CASE
Ricky Lynn Vaughn, Debtor, filed a petition under Chapter 13 of the Bankruptcy Code on August 1, 1984. Debtor filed his Chapter 13 plan on August 15, 1984. The Court confirmed Debtor's plan on October 5, 1984. The Court entered an order allowing Debtor to extend his plan beyond thirty-six months on June 18, 1987.
Camille Hope, the standing Chapter 13 Trustee, Plaintiff, filed a complaint for turnover on August 14, 1989. Plaintiff contends that Brown & Williamson Federal Credit Union, Defendant, received an over-payment. Defendant filed its answer on August 21, 1989. A trial was held on December 6, 1989. The Court, after considering the evidence presented and arguments of counsel, now publishes its findings of fact and conclusions of law.

FINDINGS OF FACT
Debtor is an employee of Brown & Williamson Tobacco Company. Defendant is a credit union affiliated with Debtor's employer. In his Chapter 13 case, Debtor scheduled two debts which he owed to Defendant. Defendant filed a proof of claim for an unsecured debt in the amount of $2,184.43. Defendant filed a proof of claim for a secured debt in the amount of $7,645.89. Defendant liquidated its collateral on the secured loan for $2,500 and reduced its claim to $5,145.89. This claim therefore became an unsecured claim. *95 Simply stated, Debtor owed Defendant $7,330.32 for unsecured debts. Plaintiff paid Defendant this amount through Debtor's Chapter 13 plan.
Debtor also made payments on these debts directly to Defendant without the knowledge or consent of Plaintiff or the Court. These "side payments" total $1,890. Plaintiff seeks to recover this amount as an overpayment from Defendant. Defendant contends that Debtor approached Defendant and stated that he wanted to make these payments so that he could maintain at least one good credit reference. Defendant contends these payments were made voluntarily by Debtor during a two-and-one-half-year period.
Defendant admits that it received payments from Debtor without notifying Plaintiff. Defendant acknowledges that these payments were for the same debts which were being paid through Debtor's plan. Defendant admits that it received full payment of its claims through Plaintiff's office.
Defendant contends that a creditor can receive voluntary payments by a debtor outside a Chapter 13 plan if the payments do not harm or interfere with the plan or the rights of other creditors. Defendant contends that Plaintiff does not have standing to bring this action. Defendant contends that this action should be brought by Debtor in state court.

CONCLUSIONS OF LAW
Debtor's confirmed plan provided for the payment of the debts owed to Defendant. Both Debtor and Defendant were bound by the provisions of the confirmed plan.[1] Defendant knew that payments on its claims would come through Plaintiff's office.
Defendant was entitled to receive $7,330.32 on its claims. Defendant, however, received and accepted payments of $9,220.32.[2] Defendant failed to notify Plaintiff of the "side payments" being made by Debtor. Defendant therefore received more on its claims than it was entitled to under Debtor's confirmed Chapter 13 plan. The Court is persuaded that Defendant knowingly allowed Plaintiff to pay more on its claims than Defendant was entitled to receive under the Bankruptcy Code.
In In re Freeman,[3] this Court stated:
The Trustee is a fiduciary of the funds that are paid into her office by the Court's Chapter 13 debtors, and as a fiduciary, she is charged with ensuring that the funds are properly administered. If she pays a claim as secured when it in fact is not secured, this payment would be an improper disbursement. Such a payment would adversely affect the other unsecured claimants because they would be subject to different treatment. As a fiduciary, the Trustee owes an obligation to the other unsecured claimants to guard against unequal treatment. The Court is persuaded that the Trustee has standing to bring the motion before the Court because the Trustee is simply fulfilling her duties as the Court's standing Chapter 13 trustee.
The Court notes that other unsecured creditors received only the allowed amount of their claims. Defendant received more than the allowed amount of its unsecured claims. Defendant therefore has received unequal treatment. The Bankruptcy Code provides for equity of treatment among creditors of the same class.[4] The Court notes that Debtor, as *96 well as Defendant, was bound by the provisions of the confirmed plan. Debtor's direct payments to Defendant violated the provisions of his plan. The Court is persuaded that Defendant knowingly participated in this violation of the Bankruptcy Code. The Court is persuaded that Plaintiff is entitled to recover from Defendant the sum of $1,890, with interest thereon at the legal rate from August 14, 1989, which is the date Plaintiff filed her complaint. Plaintiff is also entitled to recover the costs of this adversary proceeding.
An order in accordance with this memorandum opinion will be entered this date.
NOTES
[1] 11 U.S.C.A. § 1327(a) (West 1979). This section provides:

(a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.
11 U.S.C.A. § 1327(a) (West 1979).
[2] Defendant received $7,330.32 from the Chapter 13 Trustee. Defendant received $1,890 directly from Debtor.
[3] In re Freeman, Ch. 13 Case No. 85-30076 (Bankr.M.D.Ga. Dec. 29, 1986).
[4] 11 U.S.C.A. § 1322(b)(1) (West Supp.1989). This section provides:

(b) Subject to subsections (a) and (c) of this section, the plan may 
(1) designate a class or classes of unsecured claims, as provided in section 1122 of this title, but may not discriminate unfairly against any class so designated; however, such plan may treat claims for a consumer debt of the debtor if an individual is liable on such consumer debt with the debtor differently than other unsecured claims;